# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

 Respondent/Plaintiff,

v.

DENNIS JAMES GRAVES,

 Movant/Defendant.

Case No. 2:09-CR-00502-KJD-PAL
    2:13-CV-00603-PAL-PAL

**ORDER**

   Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence (#83) pursuant to 28 U.S.C. § 2255. In accordance with 28 U.S.C. § 2255 ("§ 2255"), the Court finds that a response from the Government is unnecessary, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

   Movant Dennis James Graves ("Movant") is in federal custody serving a 210-month sentence imposed by this Court after a conviction for bank robbery in violation of 18 U.S.C. § 2113(a). Movant timely filed the present motion on April 8, 2013. This Court has jurisdiction under 28 U.S.C. § 2255.

   Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

I. Standard for § 2255

Movant argues several grounds for relief. Specifically, Movant argues he was denied effective assistance of counsel when: (1) trial counsel failed to file pre-trial motions that would have allowed for favorable evidence to be presented in his defense; (2) trial counsel failed to conduct an adequate pre-trial investigation, and; (3) trial counsel failed to object to the inclusion of prejudicial evidence and testimony.

Since Movant did not to raise these claims on direct appeal, a § 2255 motion is only available if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982). A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See Id. at 752.

II. Ineffective Assistance of Counsel

Movant asserts that his trial counsel rendered ineffective assistance by failing to file proper pre-trial motions and present favorable evidence in his defense. To prove ineffective assistance of counsel, the Movant must show; (1) that his trial counsel's performance fell below an "objective standard of reasonableness" and; (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984).

As evidence of trial counsel's error, Movant cites the trial record from October 10, 2010, where Movant's trial counsel attempts to introduce evidence from a previous bank robbery involving

a different suspect. See Transcript of Proceeding, Docket #73, p. 238-246. Counsel representing the Government objected to the introduction of such evidence because they believed it was hearsay. This Court agreed with the Government objection and the evidence was excluded from trial. Movant argues that trial counsel was ineffective for not attempting to introduce the evidence pre-trial, using a motion in limine.

Trial counsel is given wide latitude to purse strategic options during trial. Strickland, 466 U.S. at 681 (1984). Failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because it could be considered a part of trial counsel's strategy. Id. Trial counsel's failure to file pre-trial motions did not fall below the objective standard of reasonableness required by Strickland. Movant has offered no evidence to show that trial counsel's attempt to admit exculpatory evidence during trial, rather than in pre-trial motions, was not part of trial counsel's overall strategy, which is "virtually unchallengeable." Id. at 690. Movant has also failed to show how the outcome of his trial would have changed. The Court would have denied a pre-trial motion to admit this evidence and denied admission of the evidence at trial. Therefore, the outcome of Movant's trial would remain the same.

III. Ineffective Assistance of Counsel – Failure to Investigate

Movant argues that trial counsel failed to fully investigate the crime for which he was accused. Movant asserts that trial counsel should have investigated: (1) a discrepancy with the amount of money stolen and the amount of money recovered by law enforcement; (2) the registered owner of the vehicle used in the robbery; and (3) the identity of a person accused in a similar robbery that happened prior to the robbery for which Movant was convicted.

Movant alleges that $3,670 in United States currency was stolen from the bank, yet only $1,826.06 was recovered in the getaway car. Movant argues that trial counsel's failure to investigate this discrepancy prejudiced him. However, this argument is frivolous. Movant has offered no evidence to show that this alleged fact would overcome the Strickland test of ineffective assistance of counsel.

In fact, a witness testified at trial that Movant was seen dropping money as he fled the bank. Transcript of Proceeding, Docket #70, p. 147. There is no evidence in the record that this possible omission by trial counsel fell below the objective standard of reasonableness one would expect from competent counsel. Moreover, Movant has offered no evidence to show that the alleged omission would have possibly changed the outcome of his trial.

Movant also argues that his trial counsel should have investigated the owner of the vehicle used in the robbery. This argument is also frivolous. Movant was arrested shortly after the robbery occurred after crashing a Chevrolet Avalanche similar to the one used as a getaway car in the robbery. Transcript of Proceedings, Docket #73, p. 258. In the vehicle, law enforcement found a wig similar to the one worn in the robbery, sunglasses similar to those worn in the robbery, and $1,826.06 of United States currency. Id. at 253. Moreover, according to the trial record, there is evidence that Movant's trial counsel did investigate the registered owner of the vehicle. Trial counsel questioned FBI Agent Schlumpf during cross-examination about the registered owner of the Chevrolet Avalanche. Id. at 307.

Movant fails to show how his trial counsel's performance fell below the objective standard of reasonableness. Further, this evidence was presented at trial, and did not change the outcome of Movant's trial.

Finally, Movant argues that trial counsel was ineffective for failing to investigate the possibility of another suspect committing the robbery for which Movant is accused. Again, the Court finds this allegation to be frivolous.

It is clear from the trial transcripts that Movant's trial counsel investigated the possibility of another suspect committing the crime for which Movant is accused. Id. at 347. During the cross-examination of FBI Agent Schlumpf, trial counsel questioned him about a suspect in a robbery that occurred with similarities to the robbery for which Movant was convicted. Agent Schlumpf described the similarities of the two robberies, saying "[b]oth robberies were at Chase Banks on the

east side of town. Both were committed at around the same time of day, the first one at around 2:15, the second around 1:15. Both were done by black males about five ten to six foot, 200 pounds wearing long dreadlocks, gold-rimmed glasses, gray hoodie sweatshirts, and jeans. In both of them, the subject entered the bank; presented a demand note written on a deposit or transaction slip; and took the money and the note and left the area." Id.

Clearly, Movant's trial counsel knew about this previous robbery and investigated the similar modus operandi surrounding the two crimes. Therefore, there is no evidence to suggest that trial counsel's performance fell below the objective standard of reasonableness. Since the evidence in question actually was presented at trial, the jury did not believe Movant's allegations that another party committed the robbery for which he was convicted. Therefore, the outcome of the trial would not have been different.

IV. Ineffective Assistance of Counsel – Failure to Attempt to Suppress Confession

Movant argues that trial counsel rendered ineffective assistance by failing to move to suppress a confession Movant gave to law enforcement. However, the Court does not find this claim compelling.

At trial, Agent Schulmpf testified that Movant confessed to robbing the bank. Agent Schulmpf testified Movant said, "Oh, I – I'm sorry. I'm sorry for it. [Movant] said [he] wish[ed] the whole thing hadn't happened." Transcript of Proceeding, Docket #73, p. 270. Movant alleges several reasons why this statement should not be admissible and why trial counsel should have moved to suppress the statement.

Movant argues that he refused to sign an Advice of Rights/Waiver of Rights form provided by the FBI, thus making any statements made during interrogation inadmissible at trial. However, Movant does not allege that law enforcement issued an improper Miranda warning. The Ninth Circuit Court of Appeals said, "[R]efusal to sign the printed waiver form casts initial doubt on any claim that [Movant] waived his Miranda right." U.S. v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984). Unlike

5

Heldt, Movant did not invoke his privilege to remain silent. According to trial testimony, Agent Schulmpf entered the interrogation room and learned that Movant did not want to sign the Advice of Rights/Waiver of Rights form. See Transcript of Proceeding, Docket #73, p. 267. Agent Schulmpf explained that Movant did not have to sign the release if he did not want to. Id. Agent Schlumpf then asked Movant if he wanted to discuss his case, and Movant said he did. Id. Agent Schlumpf then read the waiver aloud and signed it, which Movant agreed "would be fine." Id. at 267-268. The interview then proceeded and Movant confessed to the crime. Id. at 270. There is no evidence that movant did not waive his right to have counsel present during his interrogation. On the contrary, Movant agreed to be interviewed by law enforcement after Agent Schlumpf read the Advice of Rights/Waiver of Rights form aloud. Id. at 268.

Movant also alleges that the Advice of Rights/Waiver of Rights form appeared to be fabricated and/or manipulated. However, this argument is frivolous. Movant has presented no evidence to show that the Advice of Rights/Waiver of Rights form has been tampered with. Moreover, Agent Schlumpf testified that the Advice of Rights/Waiver of Rights form contained his signature and the signature of Agent Loaring-Clark. Id. Agent Schlumpf also said he would write that Movant agreed to talk on the Advice of Rights/Waiver of Rights form. Id. This is similar to the Advice of Rights/Waiver of Rights form Movant describes in his motion. No evidence has been presented that this document was manipulated.

Finally, Movant alleges he did not waive his right to remain silent. Movant alleges that because he remained silent for an amount of time, he was tacitly invoking his right to remain silent, citing Michigan v. Mosley as authority. However, Movant's reliance on Mosley is erroneous. Mosley was arrested for a robbery and invoked his right to remain silent. Michigan v. Mosley, 423 U.S. 96, 97 (1975). At that point, all interrogation ended. Id. Approximately two hours later, Mosley was questioned about a separate murder that had nothing to do with the original crime for which he was arrested for. Id. Mosley was again given a Miranda warning and then implicated himself in the

murder. Id. at 98. The Supreme Court determined that because two Miranda warnings were given before questioning on two separate crimes, the incriminating statement could be admitted at trial. Id. at 107. Unlike Mosely, Movant never told law enforcement that he wanted to remain silent. Instead, Movant alleges he simply did not speak. However, there is no evidence that substantiates that claim. Agent Schlumpf testified that he arrived in the interrogation room and began talking to Movant about the crime. Transcript of Proceeding, Docket #73, p. 268. At that point, Movant was read his Miranda warning, waived his right to remain silent and the right to have counsel present during interrogation, and confessed to the crime he was arrested for committing.

The Court does not believe that Movant's trial counsel's performance fell below an objective standard of reasonableness when they failed to move to suppress Movant's confession. The Court can find no rational basis for a proper objection to the introduction of the confession, and the Court would have overruled any objections to this evidence. Therefore, trial counsel's performance was reasonable.

V. Ineffective Assistance of Counsel – Failure to Object

Movant argues that trial counsel failed to object to the admittance of the following prejudicial evidence and statements: (1) a bank teller discussing surveillance photos presented at trial; (2) discrepancies of witness testimony at trial; and (3) the bad eyesight of a juror and his possible inability to see a video screen. The Court does not believe that Movant's trial counsel's performance fell below an objective standard of reasonableness when he failed to object to the evidence and testimony in question.

Movant alleges that trial counsel gave him ineffective assistance by failing to object when bank teller Erika Lewis identified surveillance photographs taken at the bank during the robbery. Ms. Lewis did not get a look at the face of the person who robbed her. Transcript of Proceeding, Docket #70, p. 101. Ms. Lewis described the man who robbed her as an African American wearing sunglasses and a wig. Id. When shown surveillance photos of the person who robbed the Chase Bank, Ms. Lewis said

7

"[that is] the individual who robbed me." Id. at 104. After reviewing the trial record, the Court sees no reason why these photos or Ms. Lewis' statement could have been excluded. Trial counsel's performance did not fall below an objective standard of reasonableness. Even if trial counsel had objected to Ms. Lewis' statement or the introduction of photos, the Court would have overruled trial counsel and the statement and photos would have been admitted into the record. Therefore, the outcome of Movant's trial would not have changed if trial counsel objected.

Movant also argues that a government witness gave conflicting statements and trial counsel failed to object to his testimony. However, this argument is also without merit.

When Movant robbed the bank, a customer named Ryan Richmond followed him out of the bank and began pursing Movant in his car. Id. at 144. Richmond testified he followed Movant for approximately four to five minutes before police caught up with Movant. Id at 150. Movant alleges that Richmond told police he was traveling between 75 and 80 miles per hour while pursing Movant. Yet at trial, Movant takes issue with Richmond saying, "I was real careful." Id. at 150. Movant alleges these two statements are incongruous and therefore makes Richmond an unreliable witness.

Movant argues trial counsel offered ineffective counsel when failing to object to Richmond's testimony and his failure to properly investigate Richmond. In cross examination, trial counsel asked Richmond repeated questions about his pursuit of Movant in an attempt to impeach him. However, specific questions about speed discrepancies were not asked. The Court disagrees that Richmond was not properly investigated and cross examined. Any omitted lines of questioning about the speed of the pursuit were particularly not relevant. Lack of an objection to this discrepancy did not fall below the objective standard of reasonableness. Moreover, this was a very minor point of evidence presented, and a line of questioning about this discrepancy would not have changed the outcome of Movant's trial given the overwhelming evidence against Movant.

Movant also contends that Richmond's police statement says he was following a truck with Nevada or California license plates. At trial, Richmond identified the truck as having California plates.

Id. at 152. Again, this is such a minor piece of evidence that the failure of trial counsel to object does not fall below the objective standard of reasonableness. Further, there is no evidence that this discrepancy would have changed the outcome of Movant's trial.

Finally, Movant argues that trial counsel's failure to object to a juror's poor eyesight prejudiced him. However, this argument is frivolous. During the first day of trial, it was discovered that the video monitors in the jury box were not working. The monitors were quickly fixed and the trial continued. While the monitors were being fixed, Juror Number 2 said "my vision is not that good to see that screen." Id. at 161. The juror was referring to the large screen in the courtroom that was working throughout the trial. Movant argues that because of this technical error in the courtroom, he did not receive a fair trial. However, the Court disagrees.

When a trial is concluded and the jury begins to deliberate, all evidence admitted by the Court is available for examination. No evidence has been presented to show that Juror Number 2 shirked his duty and failed to take all evidence into account when making the decision to convict Movant.

Trial counsel's failure to object did not fall below an objective standard of reasonableness and no evidence has been presented that would show that an objection or attempt by trial counsel to remove Juror Number 2 from the jury would have resulted in a different outcome at Movant's trial.

Taken in the aggregate, these three areas of contention are not compelling. None of these arguments show that trial counsel's performance fell below the objective standard of reasonableness. Further, the Court finds that an objection to this evidence would not have changed the outcome of Movant's trial. Movant confessed to this crime. Transcript of Proceeding, Docket #73, p. 270-271. Moreover, Movant was captured while driving a truck similar to the one used in the bank robbery. Id. at 250. Inside that truck was a wig and glasses similar to those the suspect wore in the bank robbery and $1,826.06 in United States currency. Id. at 253-254. The evidence presented against Movant was overwhelming and trial counsel's failure to object in these contested areas would not have changed the overall outcome of Movant's trial.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence (#83) pursuant to 28 U.S.C. § 2255 is **DENIED**.

DATED this 15th day of August 2013.

_____
Kent J. Dawson
United States District Judge